UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ZAPATA, | No. 2:20-cv-2220 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| STITES, et al., | FINDINGS AND RECOMENDATIONS |
| Defendants. | |

Plaintiff is a San Joaquin County Jail prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On November 17, 2020, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's complaint with leave to amend. Plaintiff has now filed an amended complaint.

As plaintiff knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In her amended complaint, plaintiff alleges that on June 17, 2020, she asked defendant Officer Sites if he could "get a letter to Lt. S. Martinez." Officer Sites said that he could but also

1  said "this better be what you say it is or I will paper fuck you up the ass until you're red."

2  Nothing suggests Officer Sites ever took any action against plaintiff as a result of the letter

3  addressed to Lt. Martinez.

4      As plaintiff was informed upon the dismissal of her original complaint, verbal harassment

5  directed at a prisoner by a prison official is not sufficient to state a claim for relief under federal

6  law.  E.g. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).  While a direct and believable

7  threat of sexual assault by a male correctional officer against a female inmate might in some

8  instances provide a basis for an exception to this rule, that is not what happened here.  Defendant

9  Sites's comment, however crude and unnecessary it may have been, was a threat of written

10  disciplinary charges rather than any actual sexual assault.

11      With respect to the other defendants identified in plaintiff's amended complaint, plaintiff

12  fails to point to any conduct that amounts to a violation of her federal rights.

13      In light of the foregoing, plaintiff's amended complaint must be dismissed.  Upon

14  dismissal of plaintiff's original complaint, the court provided plaintiff with instructions and

15  guidance as to how plaintiff might state a claim upon which relief could be granted.  Since the

16  amended complaint suffers from the same deficiencies as the original, granting plaintiff leave to

17  amend a second time appears futile.  Accordingly, leave to amend a second time will not be

18  recommended.

19      In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court

20  assign a district court judge to this case.

21      IT IS HEREBY RECOMMENDED that:

22      1. Plaintiff's amended complaint be dismissed; and

23      2. This case be closed.

24      These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after

26  being served with these findings and recommendations, plaintiff may file written objections with

27  the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

28  Recommendations."  Plaintiff is advised that failure to file objections within the specified time

waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 15, 2020

*[signature]*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
zapa2220.frs